UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Eric Evans,<br><br>*Plaintiff,*<br><br>v.<br><br>BlofinTYU, Aubree Hanson, Zedxion Exchange Ltd., Elizabeth Newman, and John Does 1 – 20,<br><br>*Defendants.* | Case No. 1:25-cv-00094<br><br>**Complaint** |

Plaintiff Eric Evans hereby sues Aubree Hanson, BlofinTYU, Zedxion Exchange Ltd. ("Zedxion"), Elizabeth Newman, and John Does 1 – 20 (collectively, the "Defendants"). In support, he alleges as follows.

**I.　Preliminary Statement**

1.　Our country is in the midst of a crypto-fraud crisis. Foreign criminal organizations have stolen billions of dollars from hardworking Americans in what are known as "pig-butchering" scams—and are continuing to do so even as we speak.

2.　Pig-butchering scams vary in their particulars, but in outline they are all the same. The scammers begin by initiating contact with and building trust with the victim, using diabolical psychological techniques to

lower their target's defenses. They then convince the victim to "invest" using a realistic-looking online cryptocurrency-trading platform. The victim deposits money and, over time, profits appear to grow. But, when the victim tries to withdraw, various issues emerge. The scammers demand more money in 'taxes' or 'fees' to 'unlock' the victim's account. Desperate for their money back, victims often comply. When it finally becomes clear that the whole enterprise is a sham, it is too late. The scammers disappear with victim's money, and cut off contact.

3. Tens of thousands of hardworking Americans have lost their life savings to these scams. Recent literature indicates that pig-butchering organizations have stolen more than $75 billion from victims worldwide since 2020. In the United States alone, victims reported losses of $2.6 billion to pig butchering and other crypto scams in 2022—more than double the amount reported the previous year.

4. This is an action by a victim of one such scam, Mr. Eric Evans. The Defendants tricked Mr. Evans into investing on a platform that turned out to be a scam, and in so doing stole $896,226.60 of his savings. Mr. Evans has now been "slaughtered," in the scammers' parlance, and his money spirited away to foreign bank accounts and crypto wallets.

5. This action and coordination with law enforcement are Mr. Evans's only hopes for recovery. In this suit, he seeks the return of the assets stolen from him and additional damages and equitable relief described below.

**II.     Parties**

6.     Plaintiff Eric Evans is an individual. He is a resident of Hoffman Estates, Illinois.

7.     BlofinTYU is a fraudulent cryptocurrency-investment platform. Its headquarters and situs of organization (if any), are presently unknown.

8.     Aubree Hanson is an individual who claims to be a citizen of Japan residing in Evanston, Illinois. Her present whereabouts are unknown.

9.     Zedxion is a decentralized cryptocurrency exchange registered in the United Kingdom as Zedxion Exchange Limited. It is headquartered in London, England.

10.    Elizabeth Newman is an individual. She is the Director of Zedxion. She is a citizen of the Dominican Republic and resides in Dubai, UAE.

11.    Defendants John Doe 1 – 20 are as-yet unidentified individuals, business entities, and/or unincorporated associations. These persons are BlofinTYU's and Hanson's co-conspirators.

**III.    Jurisdiction & Venue**

12.    This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Accordingly, this Court has federal-question jurisdiction.

13.    Each of the Defendants are subject to the personal jurisdiction of this Court because they direct business activities towards and conduct business with consumers throughout the United States, including within the

State of Texas and this district through at least one fraudulent website and mobile application accessible from Texas. Alternatively, the Defendants are subject to personal jurisdiction in this district because (i) they are not subject to jurisdiction in any state's court of general jurisdiction and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(3), which provides that a foreign defendant may be sued in any judicial district.

**IV. Allegations**

15. In April 2024, Eric Evans met a person claiming to be named Aubree Hanson on a dating app. The two struck up a connection and began messaging regularly.

16. Hanson eventually told Mr. Evans about her success investing and trading cryptocurrencies and introduced him to a platform called BlofinTYU. Hanson told Mr. Evans that she knew how to make profits using BlofinTYU, and offered to teach him how to do the same. She encouraged Mr. Evans to make a BlofinTYU account, which he soon did.

17. Over the next several months, Hanson 'trained' Mr. Evans in cryptocurrency trading using the BlofinTYU platform. When Mr. Evans was ready to make a deposit on BlofinTYU, the platform provided him asset-transfer instructions via the platform's customer-service chat or on its "deposit" page. Mr. Evans completed the transactions as instructed. Each time, the amount of the funds he 'deposited' would then be reflected in his

transaction history and account balance on the BlofinTYU platform. Over time, he sent assets to BlofinTYU with a dollar-denomiated value of $896,226.60. A ledger showing each of Mr. Evans's outgoing transactions to BlofinTYU—each made at the encouragement and instruction of Aubree Hanson—is set out as <u>Attachment 1</u> to this Complaint.

18. Mr. Evans's balance on the BlofinTYU platform appeared to grow rapidly—eventually showing that he had crypto assets worth more than $6.3 million in his account. But when he attempted to withdraw his funds, BlofinTYU informed him that him that he first had to pre-pay taxes and pay "conversion fees" before accessing his assets. Mr. Evans soon realized that he had been scammed.

19. The BlofinTYU platform was never a "trading platform" of any sort. It was a simulacrum of a trading platform where no actual trading or investment ever occurred. The account balances, the purported profits, and the transaction history displayed were real only in the sense that they reflected the monies Mr. Evans sent to the Defendants. And this was simply to ensure that the platform appeared to be functioning. The assets Mr. Evans transferred to the Defendants were never 'deposited' on BlofinTYU. They were never used for cryptocurrency trading. They were simply stolen.

20. After Defendants stole Mr. Evans's assets, they began moving them through the blockchain, as is typical in pig-butchering scams. Mr. Evans's blockchain tracing report shows that the Pig Butchering Enterprise

transferred $348,907.18 of Plaintiff's assets to addresses at Zedxion and custodied by ChainUp. A ledger showing the Zedxion addresses to which Mr. Evans's assets were transferred is set out as <u>Attachment 2</u> to this Complaint.

21. At the direction of its officer, Elizabeth Newman, the Zedxion exchange laundered the assets stolen from Mr. Evans in this case. It did so in knowing coordination with Aubree Hanson, BlofinTYU.com, and John Does 1 – 20.

22. Zedxion is a fraudulent entity. Its registered address is 71-75 Shelton St, London, England, WC2H 9JQ. This is a coworking/shared office space serving as the registered address for Zedxion's Director, Elizabeth Newman, as well as for Zedxion's former Secretary, an entity known as RF Secretaries Ltd., and for another entity incorporated by Ms. Newman called BZ Broker Ltd. Despite being dissolved in January of 2018, RF Secretaries Ltd. was listed as Zedxion's secretary from November 2021 to March 2024.

23. Comments on Zedxion's own YouTube channel and reviews of the exchange elsewhere on the Internet indicate a platform with a nonexistent customer service team which locks users out of their accounts after receiving their deposits and otherwise obstructs users' ability to access their funds once deposited to Zedxion's platform. Zedxion is likely a fraudulent platform like BlofinTYU, another vehicle for the purpetrators of this scam to launder the proceeds from their criminal activity.

24. Zedxion's other social media channels have tens to hundreds of thousands of followers with little to no engagement on any of their posts. This is typical of fraudulent entities on social media platforms, who are able to pay money to purchase followers in order to lend legitimacy to their social media accounts. The purchased followers are often themselves bots or sock puppet accounts.

25. Zedxion's Team Profile Page fraudulently purports an Elizabeth Newman as founder with extensive web development and coding experience. In reality, the Team Profile Page appears to be nothing more than a list of qualifications amalgamated from several job postings that were copied and pasted under Newmans' name to give the impression of an impressive CV.

26. The entirety of Zedxion's online presence is precisely designed to convey the impression of a legitimate company and trading platform at first glance, an impression which falls apart under closer scrutiny.

27. In this case, as is typical, the BlofinTYU scammers began to launder the assets stolen from Mr. Evans through the blockchain immediately upon receiving those assets from him. They did so by transferring through those assets from blockchain address to blockchain address—"hopping" the assets through the blochain, in crypto parlance—and eventually depositing the bulk of the assets at blockchain addresses associated with Zedxion. The BlofinTYU scammers used these accounts at

Zedxion, with Zedxion's full knowledge, to protect the assets they had stolen and to "off ramp" them from the blockchain into fiat currency.

## V. Causes of Action

28. Mr. Evans brings the following causes of action against the Defendants. The allegations set out above are incorporated into each of the causes of action that follow as if fully restated therein.

### Count One
### Racketeering in Violation of 18 U.S.C. § 1962(c)
### Against All Defendants

29. Aubree Hanson, BlofinTYU.com, Zedxion Exchange Ltd., Elizabeth Newman, and John Does 1 – 20 (collectively, the "Defendants") constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c), in that they are a group of individuals and legal entities associated in fact. Their enterprise is referred to herein as the "Pig Butchering Enterprise."

30. The Pig Butchering Enterprise engaged in numerous acts of wire fraud in violation of 18 U.S.C. § 1343, as described in paragraphs 11 – 19, supra. They did so using the BlofinTYU.com website and mobile app, Telegram, text messaging, and other forms of digital communication with Mr. Evans. Mr. Evans relied on the Defendants' fraudulent statements to his detriment.

31. The Pig Butchering Enterprise also engaged in money laundering in violation of 18 U.S.C. §§ 1962(c), in connection with 18 U.S.C. §§ 1956 and 1957. They did so by utilizing the Zedxion cryptocurrency

exchange to off-ramp funds that were stolen through its criminal actions. Specifically, BlofinTYU transferred illicitly obtained assets through a series of transactions onto the Zedxion platform, thereby converting the stolen funds into other forms of cryptocurrency or fiat currency to obscure the illicit origin of the money and facilitate its movement across borders. Zedxion's involvement in these transactions, as a facilitator of the exchange, further establishes its role in the illegal scheme.

32. The Defendants shared the common purpose of defrauding and stealing from Mr. Evans and other victims and thereby converting and exercising dominion over their assets.

33. The Defendants are each a "person" within the meaning of 18 U.S.C. §§ 1961(3) & 1962(c). Each of them individually conducted, participated in, engaged in, and operated and managed the affairs of the Pig Butchering Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5) & 1962(c). Said pattern of racketeering activity consisted of, but was not limited to, the acts of wire fraud described above.

34. All the acts of racketeering activity described above were related so as to establish a pattern of racketeering activity within the meaning of 18 U.S.C. § 1962(c). The Defendants' common purpose was to defraud Mr. Evans and other victims and convert and exercise dominion and control over those

victims' assets. Each Defendant, directly or indirectly, participated in all of the acts and employed the same or similar methods of commission.

35. The Pig Butchering Enterprise was of sufficient longevity for its members to carry out their purposes on a large scale. All of the acts of racketeering described above, were continuous so as to form a pattern of racketeering activity in that the Defendants have engaged in the predicate acts for a substantial period of time exceeding one year. To the extent the Pig Butchering Enterprise's activities have ceased or cease while this litigation is pending, these acts posed threat of indefinite duration at the time they were committed and will have stopped only because they were fortuitously interrupted by events beyond the Defendants' control.

36. As a direct and proximate result of, and by reason of, the activities of the Defendants and their conduct in violation of 18 U.S.C. § 1962(c), Mr. Evans was injured in his business and property within the meaning of 18 U.S.C. § 1962(c). The Defendants stole Mr. Evans's savings and thereby caused him to suffer deprivations and extreme mental and emotional distress. He is, therefore, entitled to recover threefold the damages sustained together with the cost of the suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

**Count II**
**Racketeering in Violation of 18 U.S.C. § 1962(d)**
**Against All Defendants**

37. Aubree Hanson, BlofinTYU.com, Zedxion Exchange Ltd., Elizabeth Newman, and John Does 1 – 20 (collectively, the "Defendants") knowingly and willfully conspired with each other and others to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

38. The Defendants agreed to and did facilitate the operation of an enterprise—referred to herein as the "Pig Butchering Enterprise"—which engaged in a pattern of racketeering activity, including multiple acts of wire fraud in violation of 18 U.S.C. § 1343, and money laundering in violation of 18 U.S.C. §§ 1956 and 1957, as described in paragraphs 11 – 19, supra.

39. Each of the Defendants was aware of the essential nature and scope of the Pig Butchering Enterprise's fraudulent scheme and agreed to further its illegal purposes. Specifically, each Defendant knowingly entered into an agreement to facilitate the fraudulent theft of funds from Mr. Evans and other victims through false representations and fraudulent digital transactions.

40. The Defendants took overt acts in furtherance of their conspiracy, including but not limited to:

    a. Operating and maintaining fraudulent online platforms, including BlofinTYU.com, to lure victims into the scheme;

  b. Using Telegram and other digital communications to perpetrate the fraud and obtain victims' trust;

  c. Laundering illicit funds through Zedxion Exchange and other financial institutions to conceal the stolen money's origins; and,

  d. Coordinating their efforts to ensure the continued success and profitability of the Pig Butchering Enterprise.

41. The Defendants' conspiracy had the common purpose of defrauding and stealing from Mr. Evans and other victims and then laundering the stolen funds through cryptocurrency and financial transactions to evade detection.

42. As a direct and proximate result of, and by reason of, the Defendants' conspiracy to violate 18 U.S.C. § 1962(c), Mr. Evans suffered injury to his business and property within the meaning of 18 U.S.C. § 1964(c). The Defendants stole Mr. Evans's savings and thereby caused him to suffer financial loss and extreme mental and emotional distress.

43. Pursuant to 18 U.S.C. § 1964(c), Mr. Evans is entitled to recover threefold the damages sustained, plus the cost of the suit, including reasonable attorneys' fees and experts' fees.

### Count III
### Conversion
### Against Aubree Hanson, BlofinTYU, and John Does

44. As more fully alleged above, the Defendants misappropriated Mr. Evans's assets.

45. The Defendants converted Mr. Evans's assets to their own use or the use of others not entitled to them. They have exercised dominion and control over those assets to Mr. Evans's exclusion and detriment.

46. Mr. Evans has suffered damages as a direct and proximate result of Defendants' conversion.

### Count IV
### Aiding & Abetting Conversion
### Against Zedxion Exchange Ltd. and Elizabeth Newman

47. As more fully alleged above, the BlofinTYU scammers misappropriated Mr. Evans's assets through fraud and deception.

48. Defendant Zedxion Exchange Ltd. and its leader, Elizabeth Newman (collectively, "Zedxion Defendants"), knowingly and intentionally provided substantial assistance to the BlofinTYU scammers in converting Mr. Evans's assets.

49. Specifically, the Zedxion Defendants knowingly allowed the BlofinTYU scammers to use the Zedxion exchange to launder and off-ramp the stolen assets, converting them into other cryptocurrencies or fiat currency to obscure their illicit origins.

50. The Zedxion Defendants were aware, or willfully ignored clear indications, that the funds being processed through the exchange were the proceeds of fraud and conversion. Despite this knowledge, they facilitated these transactions, thereby aiding and abetting the unlawful exercise of dominion and control over Mr. Evans's assets.

51. As a direct and proximate result of the Zedxion Defendants' knowing assistance in the conversion, Mr. Evans suffered damages, including the loss of his assets.

52. The Zedxion Defendants are therefore liable for aiding and abetting conversion and are jointly and severally responsible for the damages suffered by Mr. Evans.

### Count V
### Fraud
### Against Aubree Hanson, BlofinTYU, and John Does

53. To prevail on a fraud claim, a plaintiff must show that the defendant made (1) a false representation, (2) of a matter of material fact, (3) with knowledge of its falsity, (4) for the purpose of inducing action thereon, and (5) that the plaintiff relied upon the representation as true and acted upon it to his or her damage.

54. As alleged above, the Defendants made numerous false representations to Mr. Evans, including that theirs was a legitimate trading platform through which Mr. Evans might make a return on his assets. They did so with knowledge of the falsity of these statements and with actual intent

to induce Mr. Evans to rely on their statements to his detriment, which he did.

### Count VI
### Aiding & Abetting Fraud
### Against Zedxion Exchange Ltd. and Elizabeth Newman

55. As more fully alleged above, the BlofinTYU scammers engaged in fraud by making false representations to Mr. Evans, inducing him to transfer his assets under the belief that he was engaging in legitimate trading.

56. The Zedxion Defendants, including Zedxion Exchange Ltd. and Elizabeth Newman, knowingly and intentionally provided substantial assistance to the BlofinTYU scammers in perpetrating this fraud.

57. The Zedxion Defendants knew, or were willfully blind to the fact, that the BlofinTYU scammers were using the Zedxion exchange to launder and off-ramp stolen assets derived from fraudulent misrepresentations made to Mr. Evans.

58. Despite this knowledge, the Zedxion Defendants facilitated, processed, and concealed these fraudulent transactions, providing the infrastructure that allowed the scheme to succeed and ensuring that the BlofinTYU scammers could reap the financial benefits of their fraud.

59. By knowingly enabling and assisting the fraudulent scheme—rather than rejecting or reporting the illicit transactions—the Zedxion Defendants aided and abetted the fraud perpetrated against Mr. Evans.

60. As a direct and proximate result of the Zedxion Defendants' knowing assistance in the fraud, Mr. Evans suffered damages, including the loss of his assets.

61. The Zedxion Defendants are therefore liable for aiding and abetting fraud and are jointly and severally responsible for the damages suffered by Mr. Evans.

## VI. Jury Trial Demanded

62. Mr. Evans demands a jury trial on all claims so triable.

## VII. Relief Sought

63. Mr. Evans requests that judgment be entered against each of the Defendants on each of the causes of action set out above. He seeks relief as follows:

    a. Imposition of a constructive trust over his stolen assets and return of those assets to his possession;

    b. Monetary damages;

    c. Statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

    d. Punitive damages;

    e. Costs, including reasonable attorneys' fees under 18 U.S.C. § 1964(c);

    f. Pre- and post-judgment interest;

    g. Injunctive and equitable relief insofar as required to preserve assets for recovery, halt the Defendants' unlawful

        acts, and otherwise enable the exercise of the Court's powers and effecutate its orders;

h. Other relief as the Court deems just and proper.

//

//

**ATTACHMENT 1 – PLAINTIFF OUTGOING TRANSFERS TO BLOFINTYU**

| Date | Currency | Crypto Amount | USD Amount | Transaction Hash |
|---|---|---|---|---|
| 2024-06-12 01:39 | BTC | -0.01416129 | -952.42237 | 491115ab2e9916c5d8d632b2bf3980344cc944f513a9f1fbfd392428cef61012 |
| 2024-06-20 20:17 | BTC | -0.15185787 | -9863.29318 | e515b6287a59eaedaf5e89a7f4ecb88c1a7a761f4d66154defe9b2e56ba705e0 |
| 2024-07-02 22:54 | BTC | -1.59907059 | -100487.6267 | bea36b10188017fbb9119547df6e298a6aef42ebbf34a462d08540943d6625f8 |
| 2024-07-16 16:11 | BTC | -1.41488495 | -91879.50176 | 423ea55703674f6caad30ad27f07f0000805c72af4afd86ada9f1a0cc3060fb9 |
| 2024-07-18 16:09 | BTC | -0.30817301 | -19752.85448 | 60de8ce3ad0e4005816e48aef1385ae333b2d624c9a137c37a79a53293b186d6 |
| 2024-07-27 02:09 | BTC | -1.98363266 | -134401.8243 | 26ce0f1b3074188808b2362a17573d3a2cc45d9409e1f22c4efcad11df26cc47 |
| 2024-07-30 00:15 | BTC | -1.32770527 | -88964.25915 | dbf9f77d4bb753f635c50b935bd68f7adfdb6f7b81287854e35231b2f05e1f53 |
| 2024-11-08 18:24 | BTC | -5.24926291 | -398833.6417 | b43439999ad1a0d1afba26f68b8853c12b1c1361f8461bb3a799cfea62b7088a |
| 2024-11-21 16:40 | BTC | -0.52560188 | -51091.18331 | 0823f07cc6d74e203cd601e9ec66dd62917116f7c9dd3efc27397147bb6dd2f4 |

## ATTACHMENT 2 – PLAINTIFF ASSETS TRACED TO ZEDXION

| Owner | Destination Address | Assets Traced (in USD @ day of transaction) | Assets Traced (in USD @ day of report) |
|---|---|---|---|
| Zedxion Exchange | 1QDjYS3EvJVvgXGsLvJ5PfEWYNGrxtT7cU | $189,158.77 | $320,005.12 |
| Zedxion Exchange | 1J5G7VLQxVi9S3puLEQFw1AtoApDXZHfHC | $128,072.78 | $184,033.05 |
| Zedxion Exchange | 17ukjqPcck3WdxTMYgsuFueGgKcfpisEJa | $88,666.56 | $129,242.38 |
| Zedxion Exchange | bc1qesrvsn8g7ln6rmtru5kmuve4cma37r9gsrd78w | $21,930.32 | $27,179.03 |

Dated: March 3, 2025                    Respectfully submitted,

                                                    THE HODA LAW FIRM, PLLC

/s/ Marshal J. Hoda
_____
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
12333 Sowden Road, Suite B
PMB 51811
Houston, TX 77080
o. (832) 848-0036
marshal@thehodalawfirm.com

*Attorney for Plaintiff*

