UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Eric Evans,<br><br>   *Plaintiff*,<br><br>v.<br><br>BlofinTYU, *et al.*,<br><br>   *Defendants*. | Case No. 1:25-cv-00094<br><br>**Plaintiff's Motion for Alternative Service** |

Plaintiff Eric Evans hereby moves for an order authorizing alternative service under Federal Rule of Civil Procedure 4(f). In support, he respectfully shows the Court as follows.

### I. Background

This case arises from what is known as a "pig-butchering scam." In such scams, the perpetrators convince the victim to 'trade' or 'invest in' cryptocurrencies using a fake-but-realistic-looking online platform that the

- 2 -

perpetrators control.[1] But no 'trading' ever occurs.[2] The perpetrators simply steal the victim's money, then disappear into cyberspace.[3]

Pig-butchering scams are epidemic. Last year, the FBI received 41,557 reports of cryptocurrency-related investment fraud.[4] These victims collectively reported *$5.8 billion* in losses—in a single year.[5] Best estimates are that the pig-butchering syndicates have stolen more than $75 billion from victims around the world since 2020.[6] Thousands of Americans have lost their life savings to the pig-butcherers.[7] Some victims have taken their own lives.[8]

Pig-butchering syndicates' mechanics are well known. The largest pig-butchering organizations are based in Southeast Asia, where this type of scam originated.[9] They are managed at the highest level by professional criminals, who use forced labor to fill their operations' rank-and-file.[10] These 'agents' are trained in social-engineering and psychological-manipulation

---

[1] *See* Ex. 1, Declaration of Evan Cole (henceforth "Cole Declaration"), ¶¶ 3 – 9 (describing pig-butchering scams and providing academic literature and FBI reports for comparison).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

techniques, which they use to deceive and steal from the syndicates' victims.[11] Other scam participants specialize in creating and maintaining the fake 'trading platforms' used to deceive victims, or in laundering stolen assets.[12] This is fraud on an industrialized scale, such as the world has never seen. The ultimate beneficiaries are foreign cybercriminals, who have become fantastically rich at the expense of the American middle class.[13] The transfer of wealth and resulting devastation are so great that the scam bosses themselves describe the pig-butchering epidemic as "World War III."[14]

In pig-butchering cases, victims must serve process on foreign cybercriminals who communicated with them using fake identities and intentionally hid their tracks. Recognizing the unique nature of pig-butchering cases, courts have consistently allowed pig-butchering victims to serve defendants using non-traditional methods. This has been crucial in addressing the pig-butchering epidemic and ensuring that victims have a pathway to seek justice and recover their losses.

## II. Factual Allegations

The Service Targets are foreign cybercriminals who stole from Mr. Evans in a pig-butchering scam.[15] Today, Mr. Evans has the ability to

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] Complaint, *passim*.

communicate with the Service Targets through the following means, which are the same means by which he seeks to serve them.[16]

| Target | Method | Explanation |
|---|---|---|
| Aubree Hanson | Telegram | Mr. Evans and Aubree Hanson communicated via Telegram. |
| BlofinTYU | NFT Transfer to Receiving Addresses | BlofinTYU directed the plaintiff to transfer assets to a series of receving addresses. NFT transfer containing notice of the suit and a link to the case documents will apprise the persons who control those addresses of this proceeding. |

### III. Legal Standard

Federal Rule of Civil Procedure 4(f)(3) allows a district court to order that a foreign defendant be served by any method reasonably calculated to give notice of the proceedings, provided that the method is not prohibited by international agreement.[17] The Hague Convention on Service Abroad, to which the United States is a signatory, applies for purposes of serving a

---

[16] Ex. 1, Cole Declaration, ¶ 11.

[17] FED. R. CIV. P. 4(f)(3) (providing that a party "may be served at a place not within an judicial district of the United States ... by other means not prohibited by international agreement, as the court orders"); *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing Rule 4(f)(3) and noting that "[s]ervice on a foreign defendant is [] proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections").

foreign defendant in another country that has also ratified the convention.[18] But the Hague Convention does *not* apply where the defendant's address is unknown.[19] Accordingly, where a foreign defendant's address is unknown—as here—courts simply inquire whether the proposed service method is reasonably calculated to give notice of the proceedings such that it satisfies constitutional due-process requirements.[20]

Service by alternative means under Rule 4(f)(3) is "neither a last resort nor extraordinary relief."[21] Instead, "the rule serves as a safety valve for unanticipated situations and is not an unusual procedural technique."[22] Rule 4 does not require a party to attempt service by the methods enumerated in subsections (f)(1) and (f)(2), such as by diplomatic channels and letters rogatory, before petitioning the court for alternative service under subsection

---

[18] *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 129 (W.D. Tex. 2020).

[19] *See Mycoskie, LLC v. 1688best*, No. 18-cv-60925, 2018 WL 4775643, at *1 (S.D. Fla. July 2, 2018) (Moore, J.) ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.'").

[20] *Id.*

[21] *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.").

[22] *Hazim v. Schiel & Denver Book Grp.*, No. 12-CV-1286, 2012 WL 12894747, at *1 (S.D. Tex. July 18, 2012) (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1134 (3d ed. 2002)).

4(f)(3).[23] Nor does it "require exhaustion of all possible methods of service before a court may authorize service by 'other means'[.]"[24]

Courts have repeatedly authorized service by alternative means in pig-butchering cases under this rule. The methods courts have approved include email,[25] instant message via applications like WhatsApp and Telegram,[26] transfer of Non-Fungible Tokens (NFTs) to cryptocurrency addresses controlled by defendants,[27] and publishing case documents online.[28]

---

[23] *Viahart*, 2022 WL 445161, at *3 ("Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)).

[24] *Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No. 23-CV-393-JPS-JPS, 2023 WL 8784668, at *2 (E.D. Wis. Dec. 19, 2023) (quoting *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015)).

[25] *Harris v. Upwintrade.com*, No. 1:24-CV-00313, 2025 WL 1485335, at *2 (E.D. Tex. Jan. 14, 2025) (authorizing service by email).

[26] *Fitzgerald v. Defendant 1*, No. 1:24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case); *Licht v. Ling*, No. 3:23-CV-1018, Dkt. 19 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case).

[27] *Yogaratnam v. Doe*, No. 2:24-cv-00393 Dkt. 9 (E.D. La. Feb. 23, 2024) (authorizing service by transfer of Non-Fungible Token and website posting in pig-butchering case); *Sun v. Defendant 1*, No. 23-CV-21855-RAR, 2023 WL 4532417, at *2 (S.D. Fla. July 13, 2023) (authorizing service NFT transfer and website posting in pig-butchering case); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 2346292, at *3 (S.D. Fla. Mar. 3, 2023) (same); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2022 WL 17176849, at *3 (S.D. Fla. Nov. 23, 2022) (same).

[28] *Id.*

### IV.     Argument

The above-cited authorities show that a plaintiff's request for alternate service should be granted where three elements are met. The plaintiff must show that (1) the defendants are located abroad, (2) the proposed service methods are not prohibited by international agreement, and (3) the proposed service methods are reasonably calculated to give the defendants actual notice of the proceedings. Each of these elements is met here.

*Element 1: Location Abroad.* Mr. Evans has shown that the Service Targets are located abroad as required for authorization of alternative means of service under Rule 4(f). The Cole Declaration provides evidence that the Defendants are pig-butchering scammers and that pig-butchering scams are invariably operated from abroad.[29] Courts have approved plaintiffs' requests for alternative service on similar evidence in many pig-butchering cases.[30]

*Element 2: Not Prohibited by International Agreement.* The Service Targets' physical addresses are unknown despite diligent investigation.[31] Accordingly, the Hague Service Convention does not apply.[32]

*Element 3: Reasonably Calculated to Give Actual Notice.* Mr. Evans requests authorization to serve the Service Targets by the following methods:

---

[29] Cole Declaration, ¶¶ 8 – 10.

[30] *See* fns. 25 – 28, *supra* (collecting cases).

[31] Cole Declaration, ¶¶ 8 – 10.

[32] *Mycoskie, LLC*, 2018 WL 4775643, at *1 ("Article 1 of the Hague Service Convention states that '[t]his Convention shall not apply where the address of the person to be served with the document is not known.").

| Target | Method | Explanation |
| --- | --- | --- |
| Aubree Hanson | Telegram | Mr. Evans and Aubree Hanson communicated via Telegram. |
| BlofinTYU | NFT Transfer to Receiving Addresses | BlofinTYU directed the plaintiff to transfer assets to a series of receving addresses. NFT transfer containing notice of the suit and a link to the case documents will apprise the persons who control those addresses of this proceeding. |

These are the same means of communication that the Service Targets used to carry out their scam.[33] Courts routinely find that plaintiffs' proposed service methods are reasonably calculated to give actual notice where (i) the defendant does business online and (ii) the plaintiff has shown that the defendant uses the proposed service channels to conduct business relevant to the suit.[34] Just so here. Mr. Evans's proposed service methods are therefore

---

[33] Cole Declaration, ¶ 11 (describing proposed service methods and providing explanation of each).

[34] *See, e.g.*, *Sinox Co. Ltd. v. YiFeng Mfg. Co.*, No. 6:21-CV-01022-ADA, 2022 WL 1017916, at *4 (W.D. Tex. Apr. 5, 2022) (noting that "courts have found due process satisfied where the defendant does business online and the plaintiff has shown that the foreign defendant uses the particular email address to conduct business relevant to the matters at issue in suit" and collecting cases in accord); *Licht*, No. 3:23-CV-1018, Dkt. 19, at p.2 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case where defendants used WhatsApp to communicate with plaintiff); *Fitzgerald*, No. 24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case where defendants used Telegram to communicate with plaintiff).

reasonably calculated to give the Service Targets actual notice of these proceedings.

## V. Conclusion

Alternative service methods are a practical necessity in pig-butchering cases. Without the "safety valve" that Rule 4(f) provides, pig-butchering victims would be unable to serve the defendants who scammed them and move their cases toward judgment.[35] Recognizing this reality, courts have repeatedly authorized alternative methods of service in pig-butchering cases like this one. Mr. Evans requests that the Court do the same here.

---

[35] *Hazim*, 2012 WL 12894747, at *1 (S.D. Tex. July 18, 2012).

Dated: June 17, 2025  Respectfully submitted,

THE HODA LAW FIRM, PLLC

/s/ M. Hoda

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
Alexander Crous, Esq.
Tx. Bar No. 24136488
3120 Southwest Fwy
Ste 101, PMB 51811
Houston, TX 77080
marshal@thehodalawfirm.com
alex@thehodalawfirm.com
(832) 848-0036

*Attorneys for Plaintiffs*